

FILED \_\_\_\_\_ LODGED
RECEIVED
NOV 1 8 2003
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD THOMPSON

    Plaintiff,

v.

THE BOEING COMPANY and LEE NICHOLSON,

    Defendants.

No. CV03-0014RBL

ORDER GRANTING BOEING'S MOTION FOR SUMMARY JUDGMENT

03-CV-00014-ORD

    This matter is before the Court on Defendant Boeing Company's Motion for Summary Judgment. [Dkt. # 14]. Plaintiff Thompson has not responded to the motion.

    The case apparently arises out of two incidents, during which a fellow Boeing employee, Lee Nicholson, allegedly engaged in inappropriate behavior directed toward the plaintiff. Thompson sued Nicholson and Boeing. Boeing seeks dismissal of all claims against it. For the reasons which follow, Boeing's Motion is GRANTED.

    **1.**    **Summary Judgment Standard.**

    Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for

1  trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving
2  party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party
3  must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also*
4  Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient
5  evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions
6  of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific
7  Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

8  Here, Thompson failed to even respond to Boeing's Motion; he did not submit any evidence in
9  support of his claims (upon which he will ultimately bear the burden of proof). Nor did he provide any
10 legal argument that the limited evidence in the record was sufficient to go to a jury.

11 Courts have no obligation to sift through the record to find disputed issues of material fact
12 preventing summary judgment when a party has failed to lodge an opposition. *See Carmen v. San
13 Francisco Unified School District*, 236 F.3d 1026, 1029 (9th Cir. 2001). *See also* Local Rule 7(b)(2) ("If a
14 party fails to file papers in opposition to a motion, such failure may be considered by the court as an
15 admission that the motion has merit.")

16     **2.**    **Thompson's claims against Boeing are without merit.**

17     A.    Thompson agreed he had no meritorious retaliation/wrongful discharge claim. Boeing
18         submitted Mr. Thomson's deposition, in which he agreed he had no retaliation or wrongful
19         discharge claim against Boeing. This claim, however, is included in his complaint. It is
20         DISMISSED with prejudice.

21     B.    Boeing has demonstrated that Thompson's Title VII same sex harassment claim is time-
22         barred because his complaint was filed significantly more than 300 days (the most liberal
23         reading of the time frame) after the events giving rise to his discrimination claim.
24         Thompson's Title VII claim against Boeing is DISMISSED with prejudice.

25     C.    Boeing has demonstrated that Thompson's Title VII same sex harassment claim is without
26         merit for at least three separate reasons. First, Thompson cannot demonstrate that the
27         alleged harassment was "based on sex;" he cannot show (and in any event *has not shown*)
28         that his gender played any role in the incidents at issue. *See Doe v. State*, 85 Wn. App.
        143, 931 P.2d 196 (1997). Second, Thompson has not met his burden of demonstrating

that the harassment was "severe and pervasive." It is his burden to do so. *See Harris v. Forklift Systems, Inc.*, 510 U.S. 21 (1993). Finally, Thompson has provided no legal or factual basis for imputing the actions of Mr. Nicholson to Boeing. He has not demonstrated that Boeing was even aware of the conduct. *See Swenson v. Potter*, 271 F.3d 1184 (9th Cir. 2001). For these reasons, Thompson's sexual harassment claims against Boeing are DISMISSED with Prejudice.

D. Boeing has demonstrated that Thompson's assault and battery claim against Boeing is without merit. The claim appears to be time-barred, given the lapse of more than two years between the date of the incident and the filing of the complaint. *See* RCW 4.16.100. Nor is there any basis apparent for Thompson's effort to hold Boeing liable[1] for the lewd conduct of Mr. Nicholson. Thompson has not demonstrated that Nicholson was acting within the scope of his employment, or in the furtherance of Boeing's business interests. *See Kuehn v. White*, 24 Wn. App. 274, 600 P.2d 679 (1979). Boeing's motion is GRANTED and Thompson's assault and battery claim against Boeing is DISMISSED with prejudice.

E. Thompson's negligent hiring and supervision claims cannot be sustained. Thompson's claims are, as Boeing points out, simply duplicative of his discrimination claims. *See Anaya v. Graham*, 89 Wn. App. 588, 950 P.2d 16 (1998). Nor can Thompson establish that Boeing knew Nicholson presented a risk to others, or that it breached any duty to protect Thompson from the foreseeable risk of harm caused by Nicholson's acts. *See, e.g., Brown v. Labor Ready Northwest, Inc.*, 113 Wn. App. 643, 54 P.3d 166 (2002). These Claims are therefore DISMISSED with prejudice.

F. Thompson's negligent and intentional infliction of emotional distress claims are similarly duplicative of the discrimination claims. *See Anaya v. Graham*, 89 Wn. App. 588, 950 P.2d 16 (1998). Furthermore, even the facts as alleged by Thompson in his complaint are insufficient to sustain this claim. As Boeing points out, the conduct supporting such a

---

[1] The court does not agree with Boeing's contention that an offensive contact lasting only ten seconds cannot, as a matter of law, constitute a battery under Washington law. Washington has long defined battery as "(a) harmful *or offensive* contact with a person, resulting from an act intended to cause the plaintiff or a third person to suffer such a contact, or apprehension that such a contact is imminent." *See, e.g., McKinney v. City of Tukwila*, 103 Wn. App. 391, 408, 13 P.3d 631 (2000). Physical harm, or the apprehension of it, is not required. In any event, the remaining elements of the Thompson's claim cannot be established.

ORDER 3

claim must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See Chambers-Castanes v. King County*, 100 Wn.2d 275, 669 P.2d 451 (1983). Whether Mr. Nicholson's conduct can be so described is not the issue. Thompson has done nothing to show that Boeing's conduct raises to this level and it seems clear that it does not. Nor has Thompson shown that any such conduct caused him the requisite severe emotional distress. *See Snyder v. Med. Serv. Corp.*, 98 Wn. App. 315, 988 P.2d 1023 (1999). Thompson's emotional distress claims against Boeing are therefore DISMISSED with prejudice.

\* \* \*

Boeing's Motion for Summary Judgment [Dkt. # 14] is GRANTED and all of plaintiff's claims against Boeing are DISMISSED with prejudice.

DATED this 18th day of November, 2003.

RONALD B. LEIGHTON
United States District Judge